IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN ZENONE                                                          PLAINTIFF

vs.                            CASE NO. **4:02cv00800GH**

ALLTEL CORPORATION D/B/A
ALLTEL INFORMATION SERVICES,
INC., ET AL.                                                         DEFENDANTS

### <u>ORDER</u>

Plaintiff filed his complaint against defendants pursuant to the provisions of the
Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.
seeking long term disability (LTD) benefits under an employee benefit plan (Plan)
provided by Alltel Corporation (Alltel) to its employees.  The parties have briefs pursuant
to an ERISA scheduling order.  Additionally, plaintiff has filed two motions to remand.

Alltel provides LTD benefits to eligible employees under a long term disability plan.
The Plan is insured by Metropolitan Life Insurance Corporation (MetLife) which is also the
claims administrator for the Plan.

Plan participants are eligible for LTD benefits if they suffer from a "disability" or are
"disabled," defined as follows:

"Disability" or "disabled" means that, due to an Injury or Sickness, you require the
regular care of a Doctor and:

1. you are unable to perform each of the material duties of your

regular job; and

2. after the first 24 months of benefit payments, you must also be
unable to perform each of the material duties of any gainful work or service
for which you are reasonably qualified taking into consideration your
training, education, experience and past earnings; or

3. you, while unable to perform all of the material duties or your
regular job on a full-time basis, are:

a.   performing at least one of the material duties of your
regular job or any other gainful work or service on a part-time or full-time

basis; and

        b.  earning currently at least 20% less per month due to that same Injury or Sickness.

Disability benefits are paid in accordance with a schedule of benefits when MetLife receives proof that an employee is disabled.  The Plan provides discretionary authority to the Plan Administrator and other Plan fiduciaries to interpret the terms of the Plan and to determine eligibility for benefits. .

Plaintiff was employed by Alltel as an Operating Systems Programmer until March 10, 1999 when he was terminated.[1]  Plaintiff filed a claim for LTD benefits on March 23, 1999.  He indicated that his injury was due to a slip at work.  In his application, he stated that he was hospitalized in January, 1998 for the condition, and listed as his physicians Beverly Beadle, along with two other physicians whose names are illegible.  In support of his application, plaintiff submitted an Attending Physician Statement (APS) from Kevin Collins, M.D. (Dr. Collins).  Dr. Collins indicated that plaintiff suffered from chronic pain syndrome, and had objective findings of C5/6 spondylosis.  Dr. Collins stated that he had been treating plaintiff since June 15, 1998, and that plaintiff could only sit, stand or walk one hour intermittently, that he could not climb, twist/bend/stoop or reach above shoulder level, that he could lift 11- 20 pounds occasionally, and that he could work only 1 to 2 hours per day.  Dr. Collins noted that plaintiff is unable to tolerate repetitive activities of the job and increased stress level and he did not advise plaintiff to return to work.  Dr.

---

[1]Defendants state that plaintiff was terminated due to lay offs within the company.  However, an investigator who conducted an FMLA investigation, concluded that plaintiff "was not fired because of the mass lay off but mainly due to his chronic back disability and the uncertainty surrounding his occasional fits of seizure and collapse," and that the termination violated plaintiff's FMLA rights.  (see attachment to October 18, 2002 letter from C. James Kubicek to Scott Jorgensen, made part of the Administrative Record).  There is no indication as to what agency was responsible for the investigation.  The report does indicate that plaintiff and Alltel settled the matter.

    Additionally, according to  the decision of the Administrative Law Judge in awarding plaintiff social security disability benefits, plaintiff was "terminated for excessive missed work when he was unable to complete full-time work days secondary to his medical problems."  (see  attachment to October 18, 2002 letter).   In light of this evidence, the Court cannot find that the plaintiff was terminated due to a company-wide layoff.

Collins identified Dr. Jeffrey Ketchum as a medical provider to whom plaintiff was referred.

MetlLife obtained plaintiff's medical records from Little Rock Pain Clinic, where Dr. Ketchum was employed, and from Dr. Collins.  The records indicate that plaintiff suffered from headache and low back pain for a number of years.  Dr. Collins found plaintiff had chronic pain syndrome, and myofascial pain.  Dr. Ketchum reported that plaintiff suffered from fibromyalgia and tension headaches.  He was treated with medication, injections, physical therapy, biofeedback, but the medical evidence supports that plaintiff continues to suffer from severe and disabling pain. In a report dated March 18, 1999, Dr. Collins stated that both he and Dr. Ketchum feel plaintiff is eligible for full disability.

Alltel provided MetlLife a summary of the days plaintiff was absent from work in 1998 and 1999.  Those records indicated that plaintiff was off only one full day for illness, left early on two occasions due to pain, and left early on 3 occasions for medical appointments.  Plaintiff's supervisor, Jay O'Connell, told MetlLife that plaintiff had been working full-time the three months prior to his termination on March 10, 1999.

MetlLife submitted Plaintiff's claim and medical record to Kevin Smith, D.O. (Dr. Smith) for independent physician review.  Dr. Smith noted that plaintiff had been diagnosed with fibromyalgia, headaches and chronic pain syndrome since 1995.  Dr. Smith concluded that "the medical records do not show inability to work at his regular occupation nor do they show a deterioration in his condition recently that would explain his sudden inability to work after he had successfully work in the same conditions until March of 99."

MetlLife denied plaintiff's claim for LTD benefits on June 16, 1999.  In its letter to plaintiff, MetlLife stated its review of the medical records

> show that, although you continue to complain of back and neck pain, MRI testing plus an [sic] continued evaluation by your physicians show no severe physical abnormalities.  Please note that subjective complaints of pain alone cannot be used as a basis to determine total disability.
>
> In addition, you continued to work full-time in your sedentary position up to your termination on March 10, 1999.  Per your employer, this termination was due to company wide downsizing of approximately 100 people.

Additionally, your employer verified that there were no job performance issues nor did you take an excessive amount of time off due to your physical complaints in the three months immediately prior to your termination. Your supervisor even commented that you seemed to be feeling better right before you were laid-off.

Plaintiff appealed MetlLife's decision.  Plaintiff did not submit additional information. On September 17, 1999, MetlLife issued its decision, affirming the decision to deny plaintiff LTD benefits under the Plan.

Plaintiff again appealed MetlLife's decision. Sometime in July, 2000, he submitted a statement from Alltel detailing plaintiff's attendance history.  The statement, dated April 4, 2000, indicates that during 1998, plaintiff had numerous doctors' appointments.  He either left work early or did not go to work. In its letter dated August 11, 2000, MetlLife stated that the attendance information had been previously received on May 28, 1999, and had been reviewed.  The information submitted by plaintiff  did not alter MetlLife's original determination.[2]

On October 18, 2002, plaintiff in another appeal, submitted the FMLA narrative report (*see footnote 1, infra)* and the favorable ruling by the Social Security Administration finding plaintiff disabled and entitled to disability benefits.  On October 31, 2002, MetlLife acknowledged receipt of the information but affirmed its decision to deny benefits. Plaintiff then filed this action.   He has filed two motions to remand for the Plan Administrator to consider additional information.

Standard of Review

Where a plan gives the administrator "discretionary authority to determine eligibility for benefits," the Court reviews the administrator's decision for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Here, the plan provides

---

[2]It is doubtful that MetLife obtained the April 2000 report of plaintiff's attendance in May, 1999.  The Administrative Record reveals that MetLife received a facsimile from Alltel on June 3, 1999, which listed only the November 24, December 17 and December 17 absences in 1998.  What is clear is that MetLife limited its review to absences from only November, 1998 through March 1999.

MetlLife with discretionary authority to determine eligibility for benefits.

Under the abuse of discretion standard, the administrator's decision will be upheld if it is reasonable, that is supported by substantial evidence. *Fletcher-Merit v. Noram Energy Corp.*, 250 F. 3d 1174, 1179 (8th Cir. 2001). "While the administrator's decision need not be supported by a preponderance of the evidence, there must be 'more than a scintilla.'" *House v. Paul Revere Life Ins. Co.*, 241 F.3d 1045, 1048 (8th Cir. 2001) (citation omitted).

Plaintiff argues that the decision was arbitrary and capricious for a number of reasons. First, plaintiff asserts that the medical records do not support MetlLife's decision denying him benefits.   Second, plaintiff contends that MetlLife was erroneous in concluding that plaintiff was laid off when the FMLA Narrative Report established that plaintiff was laid off due to his medical problems. Third, plaintiff argues that MetlLife erred in failing to consider the decision of the Social Security Administration finding plaintiff to be disabled.  Fourth, MetlLife erred in relying on the opinion of the medical consultant who did not examine plaintiff.  Fifth, MetlLife erred in relying  plaintiff's absences for only the three months prior to plaintiff's termination.

It is abundantly clear to the Court that MetlLife failed to adequately consider plaintiff's extensive medical history and relied on erroneous information from plaintiff's employer regarding plaintiff's ability to work.  MetlLife obtained medical records from Drs. Collins, Samalaska, and Ketchum.   Plaintiff, however, was seen by a number of physicians prior to his termination, including Drs. Beadle, Biton, and  Brewer, as well as a psychologist, Lewis Bracy.[3]  MetlLife should have been on notice of the extensive medical history in light of the Social Security Administration's decision.   In that decision, the Administrative Law Judge states as follows:

The written evidence supports a finding that the claimant retains the

---

[3]In his motion to supplement the administrative record and in his supplemental motion to remand, plaintiff has submitted medical records from these individuals which predate plaintiff's application for LTD benefits.

residual functional capacity to perform sedentary work except that he can lift up to 20 pounds frequently.  Further, the claimant has non-exertional limitation that would preclude work environments with unprotected heights, dangerous machinery or driving.  Finally, the claimant has moderately severe restrictions for daily activities and maintaining social functioning and often has deficiencies in concentration, persistence or pace that result in failure to timely complete tasks.  **With objective medical evidence consisting of laboratory findings, clinical findings, and treatment course,** the medically determinable impairments provide a foundation for functional limitations involving the exertional and non-exertional limitations asserted by the claimant.

In reaching this conclusion, the undersigned has considered the claimant's own subjective allegations and has found them generally credible. . . Specifically, the claimant's complaints are supported by the **objective medical evidence that includes clinical and diagnostic laboratory findings, the treatment course and results, prescription medications, documented side-effects, limitations for daily activities**, and a good work history.

(emphasis added)l

It is also clear that MetlLife's reliance on Alltel's reason for terminating plaintiff cannot withstand scrutiny.  MetlLife completely disregarded the findings of the FMLA investigation and did not bother to conduct its own investigation. It completely disregarded the extensive absenteeism record plaintiff submitted, which not only indicated numerous medically related absences but should have alerted MetlLife to obtain documentation with regard to plaintiff's doctors' appointments.

MetlLife makes much of the fact that plaintiff continued to work as a basis for denying benefits.  While plaintiff did attempt to work it is clear that he was limited in his ability to do so.  As the FMLA report  found, plaintiff's occasional seizures and collapses at the workstation were a concern to plaintiff's supervisors.  After plaintiff had a  seizure on March 1, 1999. his supervisor suggested that plaintiff take 12 weeks of FMLA leave.  Thus, there is evidence to support finding that plaintiff's physical abilities were limited at the time he was terminated.  To adopt MetlLife's contention that plaintiff was not totally disabled because he continued to work "would unfairly punish individuals who test their limitations and attempt to keep working before seeking benefits." *Seitz v. Metropolitan Life Ins. Co.,* 433 F. 3d 647, 651 (8th Cir. 2006).

Here, MetlLife seems to have gone out of its way to ignore probative evidence.  It did not obtain any documentation that formed the basis for the Social Security Administration's grant of benefits.  It failed to investigate plaintiff's work history.  Its review of medical records was extremely limited.  It ignored the overwhelming evidence it did have that plaintiff's medical conditions were disabling.  Thus, the Court finds that there is not substantial evidence to support MetlLife's decision and that its denial of benefits was arbitrary and capricious.

While there is strong evidence to support a finding that plaintiff is disabled as defined by the Plan, the Court  cannot decide as a matter of law that plaintiff is entitled to benefits.  The Court finds that remand to the plan administrator to consider additional information is warranted in this instance.  *See Abram v. Cargill, Inc.*, 395 F. 3d 882, 887 (8th Cir. 2005) (court may remand when plan administrator fails to make adequate findings or explain rationale for its decision).  In particular, the Plan Administrator should obtain and consider the Social Security records, any additional medical records, as well as further review plaintiff's work history and absenteeism record.  *See Harden v. American Express Financial Corp.*, 384 F. 3d 498, 500 (8th Cir. 2004)(case remanded to MetlLife to reopen the administrative record, obtain and review Social Security records, and make new determination of claim)..

Accordingly, the case is remanded to MetlLife with instructions to receive additional evidence and make a determination as to the extent of Plaintiff's disability and the amount of monthly benefits that would be owed in the event that Plaintiff is found eligible for benefits.

Because action by the Plan Administrator may be dispositive of the issues in this case, the Clerk is directed to administratively terminate this case in his records without prejudice to plaintiff filing a motion to reopen if necessary for further proceedings.  All pending motions are denied as moot.

IT IS SO ORDERED this 16th day of March, 2006.

UNITED STATES DISTRICT JUDGE