IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN ZENONE                                                                       PLAINTIFF

v.                                    No. 4:02CV00800 GH

ALLTEL CORPORATION D/B/A ALLTEL
INFORMATION SERVICES, INC., ET AL.                              DEFENDANTS

**ORDER**

On March 16th, the Court found that MetLife, the insurer of defendants' long term disability plan and claims administrator, failed to adequately consider plaintiff's extensive medical history and relied on erroneous information from his employer regarding his ability to work. The Court remanded this ERISA case to the plan administrator with instructions to receive additional evidence and make a determination as to the extent of plaintiff's disability and the amount of monthly benefits that would be owed in the event that he is found eligible for benefits. In addition, the Court directed that the case be administratively terminated without prejudice to being reopened for further proceedings.

Plaintiff, through his attorney James W. Stanley, Jr., filed a motion, on March 30th, for approval of attorney's fees and costs on the basis that he was the prevailing litigant entitled to a discretionary award of attorney's fees. He seeks fees in the amount of $2,500.00 for 12.5 itemized hours at a rate of $200.00 per hour in addition to the filing fee of $150.00.

On April 19th, defendants filed a response asserting that plaintiff is not a "prevailing party" as he has not succeeded on any claim stated in his complaint as the Court did not award benefits, but

remanded the case to the administrator. They also argue that, when the five factors utilized by the Eighth Circuit in determining whether to award fees under ERISA are applied here, an award of fees is not appropriate. Defendants contend that there is no evidence that MetLife acted with bad faith in deciding plaintiff's claim, nor did the Court make any such finding. They further argue that fact that MetLife may have the ability to pay the fees does not alone merit an award of such fees and that a "deterrent effect" is unwarranted and unnecessary as MetLife did not act with bad faith. Defendants continue that this case does not present a significant legal question regarding ERISA, nor does it involve an issue common to other ERISA plan participants as the Court remanded this case for review and consideration of case-specific information. Finally, they assert that in evaluating the relevant merits of the parties' positions, MetLife made a good faith, reasonable argument for the Court to uphold its discretionary decision.

Plaintiff's former attorney, C. James Kubicek, filed a motion, on April 25th, for approval of attorney's fees in the amount of $11,745.00 for 78.30 itemized hours at a rate of $150.00 per hour plus the filing fee of $150.00 and service costs and medical records of $80.99.

On May 5th, defendants filed a response that repeats the arguments in the April 19th response and well as adding that the combined request for fees in the two motions of $14,245.00 is unreasonable as defendants' fees and costs have been $9,268.00 and $353.17 respectively.

Less than six months ago, the Eighth Circuit addressed the issue of ERISA attorney fees in the case of <u>Starr v. Metro Systems, Inc.</u>, 461 F.3d 1036, 1040-1041 (8th Cir. 2006), which is set out below:

> We review the district court's decision to award or deny attorney fees for an abuse of discretion. <u>Sheehan v. Guardian Life Ins. Co.</u>, 372 F.3d 962, 968 (8th Cir. 2004); see 29 U.S.C. § 1132(g)(1) (stating that a court, in its discretion, may allow a reasonable attorney's fee and costs to either party in an action under ERISA). That being said, this court has

previously emphasized the role of ERISA's remedial nature in determining whether to award fees, stating:

> ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans. A district court considering a motion for attorney's fees under ERISA should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.

Welsh v. Burlington N., Inc., Employee Benefits Plan, 54 F.3d 1331, 1342 (8th Cir. 1995) (citations, internal quotations, ellipsis, and brackets omitted). Therefore, although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees. See Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). In exercising its discretion, we have set forth the following list of five non-exclusive of factors for consideration:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id. at 969 & n. 4 (citing Lawrence, 749 F.2d at 495-96).

In the proceedings below, the district court found that the balance of the above factors weighed in favor of Metro. Considering ERISA's remedial nature and the facts of this case, we disagree for the reasons stated below.

The district court denied Starr's motion for attorney fees after rejecting Starr's assertion that Masanz perjured her testimony regarding the COBRA notice and Metro's recordkeeping. However, the absence of bad faith is not dispositive. We note that Starr brought the case individually and on behalf of his daughter, not as a class action. Nevertheless, the remaining factors favor Starr and indicate an award of attorney fees is in order.

First, the defendants undisputedly have the ability to pay. Second, the deterrent effect of an award of fees deserved more weight. An award of attorney fees will serve as an incentive to Metro and the administrator to pay closer attention to their COBRA notice handling procedures when an employee departs under circumstances similar to Starr's.

Third, we believe the district court erred in its evaluation of the relative merits of the parties' positions. The court considered this issue a toss-up because, even though Starr won on the

merits, the defendants survived a motion for summary judgment. The defendants survived summary judgment primarily because a genuine issue of material fact existed regarding whether the March 3 Notice was sent. In her deposition, Masanz testified that she recalled mailing the March 3 Notice, which allowed the defendants to survive summary judgment. However, Masanz admitted at trial that she did not recall mailing it. The district court made a specific finding of fact to that effect. Therefore, defendants' survival of summary judgment deserves little, if any, weight as a showing of the relative merits. Further, the defendants may have succeeded in showing that they did not act in bad faith, but Starr clearly succeeded in establishing a meritorious claim that defendants failed to comply with COBRA's notice requirements. Finally, given the remedial nature of ERISA legislation, and the need for ERISA litigants to have effective access to the courts to vindicate their rights, we hold that the district court abused its discretion in denying Starr's request for attorney fees.

While the appellate court has "left open the question of whether an attorney fee award under the ERISA provision can be made only to a prevailing party," the following excerpt from Geissal ex rel. Estate of Geissal v. Moore Medical Corp., 338 F.3d 926, 935 (8th Cir. 2003), provides:

> Defendants argue that Mrs. Geissal was not a prevailing party because she was granted no relief. We agree with the district court that she became a prevailing party when "she obtained a favorable ruling from the United States Supreme Court that Moore's basis for denying Geissal benefits was invalid."

See also, Leonard v. Southwestern Bell Corp. Disability Income Plan, 408 F.3d 528 (8th Cir. 2005).

Here, the March 16th order found that the plan administrator failed to adequately consider plaintiff's extensive medical history and relied on erroneous information from his employer regarding his ability to work thereby necessitating a remand for consideration of additional evidence. Thus, the Court is persuaded that plaintiff obtained a favorable ruling finding that the basis for the denial his benefits was invalid.

The Court next turns to the five factors. The Court does not find bad faith on the part of defendants and they certainly have the ability to pay attorney fees. The Court is persuaded that the award of attorney fees might have a future deterrent effect under similar circumstances in ensuring that full attention is focused on reviewing medical records and conducting its own investigation.

While the Court believes that plaintiff's goal was seeking benefits for himself, the Court is persuaded that others might benefit from any change in MetLife's review procedures. As to the fifth factor, the Court notes that there was strong evidence to support that plaintiff was disabled as defined by the plan although a remand was warranted.

Defendants have argued that the combined amount requested in excessive in light of what they have incurred in their own fees; however, defendants have not challenged the requested hourly rates nor pointed out the hours thought to be excessive or duplicative. Thus, the Court is persuaded that both the rate and number of hours requested are reasonable as well as one award for the filing fee and the costs of service and the medical records.

Accordingly, the March 30th motion (#38) for approval of attorney's fees is granted in part as to an award of $2,500.00 in attorney's fees and is denied in part as to the filing fee. The April 25th motion (#42) for approval of attorney's fees is granted. Kubicek is awarded $11,745.00 in attorney's fees, $150.00 for the filing fee, and $80.99 for service costs and medical records.

IT IS SO ORDERED this 8th day of February, 2007.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE